FILED

MAY 02, 2013

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30318-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JACOB MICHAEL EASTEP, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Jacob Eastep contends that his trial counsel performed ineffectively at a CrR 3.5 hearing during his cross-examination of an officer. He does not satisfy the stringent standards of review that govern this issue. We affirm his conviction for possession of methamphetamine.

FACTS

Mr. Eastep was a passenger in a car stopped by police after a short pursuit. He was discovered to be in possession of methamphetamine and eventually charged with that offense. His counsel moved to suppress the evidence, contending that officers engaged in a pretext stop of the vehicle.

Kennewick Police Department detectives on patrol pulled into an apartment complex in Kennewick at approximately 12:46 a.m. They observed a parked Ford Bronco with its engine running and lights on. As they drove alongside it, the woman in the driver's seat gestured at them with her hands, indicating a need for assistance. The detectives parked and stepped out of their car. At that point, someone in the vehicle said "go, go, go." The Bronco left at a speed in excess of the posted limit. The detectives returned to their car and pursued the Bronco in order to assist the driver.

The Bronco continued its excessive speed and failed to stop for a stop sign. The detectives activated their emergency lights and pursued the Bronco an additional ¼ mile before it stopped. They recognized passenger Jacob Eastep; officers had been seeking to serve arrest warrants on him for the past week. The detectives arrested Mr. Eastep and searched him. A glass smoking device with a residue amount of methamphetamine was recovered from his pocket. He subsequently was charged with illegally possessing a controlled substance.

Defense counsel moved to suppress, arguing that the traffic stop was pretextual. At the suppression hearing, a detective whose report had attributed the "go" statement to the driver testified that he thought it was her, but now was uncertain who made the statement. The detective was not cross-examined about the potential discrepancy

2

between the report and his hearing testimony. The other detective testified the statement came from some other person in the car.

The trial court denied the motion to suppress, finding that the stop was justified under the community caretaking or welfare check rationales. After that ruling, the case was heard as a stipulated facts trial to the bench. Mr. Eastep was convicted and timely appealed to this court.

## ANALYSIS

The sole issue in this appeal is an argument that counsel performed ineffectively at the suppression hearing by failing to fully cross-examine the first detective. This argument is unavailing.

The Sixth Amendment guaranty of counsel requires more than the mere presence of an attorney. The attorney must perform to the standards of the profession; failure to do so will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the

3

error was so significant, in light of the entire record, that it deprived him of a fair trial. *Id.* at 690-92.

Mr. Eastep complains about trial counsel's performance in the cross-examination of the first detective. That argument can be quickly answered. Even lame or ineffectual cross-examination does not establish ineffective assistance of counsel. *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 489, 965 P.2d 593 (1998). Cross-examination is a matter of trial strategy that typically is immune from challenge as long as it falls within the range of reasonable representation. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 720, 101 P.3d 1 (2004). This case is in that category. The detective had already expressed confusion about who made the "go" statement. Little would be gained by asking about the report and further rehashing the issue of the identity of the speaker.

Mr. Eastep also fails to explain why any error by counsel on this point was prejudicial. It was his burden to establish that but for counsel's error, the outcome of the case would have been different. *Id.* The point of further examination had already been made by the detective's testimony—he was unsure if the driver was the speaker. More importantly, the identity of the speaker was of no consequence to the motion. The issue to be decided was what motivated the detectives to stop the car, not who told the driver to flee. Further examination of the detective on that latter issue would not have changed the outcome of the hearing. Hence, the alleged error was not prejudicial.

4

No. 30318-7-III
State v. Eastep

Mr. Eastep has not established either that his counsel failed him or that the failure was prejudicial to his case. Accordingly, he has not established that his Sixth Amendment right was violated.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Kulik, J.

_____
Siddoway, J.

5